NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3544
_____

UNITED STATES OF AMERICA

v.

JONATHAN PAUL WIKTORCHIK, JR.
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-10-cr-00064-001)
District Judges:  Honorable Robert F. Kelly

Submitted under Third Circuit LAR 34.1 (a)
on May 21, 2013

(Filed: May 23, 2013)

Before:  RENDELL, GREENAWAY, JR. and GARTH, Circuit Judges

O P I N I O N

**RENDELL**, Circuit Judge:

   In this appeal, Defendant Jonathan Paul Wiktorchik, Jr. urges that he is entitled to

a new trial because the District Court improperly admitted evidence of a prior felony

conviction.  No objection was raised to the admission of this evidence, and we find no error, let alone plain error.  Accordingly, we will affirm.

## I. Background

On March 30, 2008, at approximately 2:54 a.m., a fire destroyed the Mountain View Plaza located in Ottsville, Bucks County, Pennsylvania.  The plaza consisted of two separate buildings occupied by five small businesses, one of which – Bucks Chiropractic Center – was owned by Wiktorchik.  An investigation into the cause and origin of the fire was launched by the Pennsylvania State Police and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  By May 29, 2008, ATF Special Agents had conducted three interviews with Wiktorchik; Wiktorchik changed his story each time. Wiktorchik did indicate in his first interview that he planned to sell his practice and had listed it with two real estate agencies, but no one had offered to purchase it.  Subsequently, investigators executed a search warrant at his residence where they seized two empty five-gallon cans of gasoline, two computers, and numerous financial records.

In an incident separate from the fire, in June 2007, Wiktorchik had been convicted of insurance fraud in the Bucks County Court of Common Pleas. Wiktorchik's chiropractic license was suspended in January 2008 as a result of his conviction.

An audit of Wiktorchik's financial records revealed that his income generated from patient fees dropped from $28,312 in January 2007 to $9,399 by December of 2007 and to $8,415 by March 2008. Wiktorchik's bank statements and a net cash flow analysis showed similar declines in total revenue and cash flow from June 2007 to March 2008.

2

Wiktorchik and his wife maintained a $212,000 fire insurance policy with Zurich North America, which included additional areas of coverage beyond the basic $212,000 policy. After the fire, Zurich launched its own investigation and hired a forensic accountant to review the claim and documents submitted by Wiktorchik. During the investigation, Zurich's accountant asked Wiktorchik about the significant drop in revenue, and Wiktorchik admitted that his conviction had negatively affected his practice.

On February 4, 2010, a grand jury returned a seven-count indictment against Wiktorchik, charging him with malicious damage by means of fire of a building used in interstate commerce, in violation of 18 U.S.C. § 884(i), use of fire to commit a felony, in violation of 18 U.S.C. § 844(h), mail fraud, in violation of 18 U.S.C. § 1341, three counts of making false statements to the government, in violation of 18 U.S.C. § 1001, and interfering with administration of IRS law, in violation of 26 U.S.C. § 7212(a). Wiktorchik proceeded to trial in March 2011. At trial, the government presented evidence regarding Wiktorchik's financial situation, showing his significant decline in income after his 2007 conviction and 2008 license suspension. The government also elicited testimony from two witnesses – ATF Agent Jesse Lampf and Phillip Moretti of Zurich Insurance – regarding Wiktorchik's previous felony conviction. Lampf testified that Wiktorchik had admitted in their first interview that he had been convicted of a state felony offense in 2007. Moretti testified that he was aware before his second meeting with Wiktorchik that Wiktorchik had a felony conviction, and Wiktorchik admitted this during their meeting. Finally, Wiktorchik, who testified on his own behalf at trial, admitted on cross-examination that he was convicted of a felony in 2007 and that his

3

chiropractic license had been suspended in January 20008.  The government elicited this testimony without identifying the offense of conviction or eliciting any further details about the conviction.

The jury found Wiktorchik guilty of all counts, except interference with the administration of IRS law.  The District Court subsequently sentenced Wiktorchik to 204 months of imprisonment and a five-year term of supervised release.  Additionally, the District Court ordered Wiktorchik to pay $1,585,012.84 in restitution and a $600 special assessment.

The instant appeal followed.[1]

## II.  Discussion

On appeal Wiktorchik argues that the District Court erroneously admitted testimonial evidence of a prior felony conviction in violation of Federal Rule of Evidence 404(b) and that this unduly prejudiced the outcome of his case.  He specifically calls into question the admission of testimony by Lampf and Moretti, both of whom referenced Wiktorchik's 2007 state felony conviction.  Wiktorchik contends that the admission of such testimony amounted to the erroneous introduction of propensity evidence, thus entitling him to a new trial.  For the reasons stated below, we disagree.

Because Wiktorchik did not object to the District Court admitting evidence of his 2007 felony conviction at trial, we review Wiktorchik's claim for plain error.  *Puckett v.*

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

4

*United States*, 556 U.S. 129, 134-35 (2009).[2]  For Wiktorchick to prevail on plain error review, he must demonstrate "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Marcus*, 560 U.S. 258, --, 130 S. Ct. 2159, 2164 (2010) (quoting *Puckett*, 556 U.S. at 135).

Federal Rule of Evidence 404(b) provides in relevant part that: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

"We have recognized that Rule 404(b) is a rule of inclusion rather than of exclusion."  *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994); *see also United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978) (finding draftsmen of 404(b) intended to "emphasize [the] admissibility of 'other crime' evidence").  And we favor the admission of other criminal conduct if such evidence is "'relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime.'"

---

[2] Failing to abide by the contemporaneous-objection rule ordinarily precludes raising an unpreserved claim of trial error on appeal, *see United States v. Young,* 470 U.S. 1, 15 n.12 (1985); however, Rule 52(b) of the Federal Rules of Criminal Procedure recognizes a limited exception to that preclusion in the form of plain error review, *Puckett*, 556 U.S. at 135.

*Id.* at 765 (quoting *United States v. Stirone*, 262 F.2d 571, 576 (3d Cir. 1958), *rev'd on other grounds* 361 U.S. 212 (1960)).

While Wiktorchik argues that the testimonial evidence was nothing more than propensity evidence, the record reveals that the testimony aided the government in establishing Wiktorchik's motive for the arson, and helped complete the story of the crime for the jury. The evidence was important to the government in establishing Wiktorchik's motive as it explained why his finances declined after June 2007 and why his license to practice was suspended in 2008 – both consequences of his conviction. This allowed the government to prove Wiktorchik's dire financial circumstances resulting from his prior conviction in order to successfully establish motive. Thus, the government presented this evidence to "complete the story" of the crime for the jury, *United States v. Green*, 617 F.3d 233, 247-48, 248 n.14 (3d Cir. 2010), and the evidence aided, rather than improperly influenced, the jury's decision.

Wiktorchik also contends that the admission of the record of his prior conviction was unnecessary because the government had "ample other indicia of [his] involvement," rendering the testimony irrelevant, and substantially more prejudicial than probative.[3] (Appellant Br. 24-25.) However, by arguing that any reference to his prior conviction was unnecessary because the government had "ample other indicia of [his] involvement" even without evidence of his prior conviction, Wiktorchik acknowledges the likelihood of

---

[3] The other evidence included: evidence confirming the fire originated in Wiktorchik's chiropractic center, that gasoline had been poured throughout the center and set on fire, Wiktorchik's lying about his whereabouts on the night of the fire and his injuries, the substantial monthly payment for equipment and office space, and Wiktorchik's inability to sell his practice. (Appellee Br. 8-9, 12-15, 18-20.)

his being found guilty based solely on other evidence. Thus, Wiktorchik's argument implicitly concedes that the testimonial evidence did not affect the outcome of his trial, as the government had sufficient evidence to convict him even without it.

Last, Wiktorchik argues that because the District Court did not give a limiting instruction until the closing charge, the testimonial evidence at issue had the effect of unfairly establishing that he had the propensity to commit crimes. We have held that a proper limiting instruction can ameliorate possible prejudice. *See United States v. Lee*, 612 F.3d 170, 191-92 (3d Cir. 2010) (finding no error where court charged jury to consider evidence of defendant's gun possession charge for the limited purposes for which it was admitted) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988) (finding that protection against unfair prejudice comes from a jury instruction that 404(b) evidence is to be considered only for the proper purpose for which it was admitted)). In its final charge to the jury the District Court instructed the jury that they "may not consider a prior conviction as evidence of guilt of the crime for which [Wiktorchik] is now on trial." (App. at 950.) Defendant did not object to this instruction. Because the District Court explicitly instructed the jury in such a manner, we cannot find any prejudicial effect on this ground. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting "the almost invariable assumption of the law that jurors follow their instructions").

### III. Conclusion

Accordingly, we find no error, let alone plain error, in the admission of this evidence, and we will therefore affirm the judgment of the District Court.